SCRUGHAM et al. v. SHOUP et al.

In re THOMPSON.

(Circuit Court of Appeals, Third Circuit. February 13, 1919.)

No. 2321.

APPEAL AND ERROR &—329—INTERVENTION IN APPELLATE COURT.

An appellate court will not permit an intervention in an appeal before it, which raises new issues not presented to or passed on by the court below.

Petitions on Behalf of Respondents for Decision in the District Court of the United States for the Western District of Pennsylvania; W. H. Seward Thomson, Judge.

In the matter of Josiah V. Thompson, bankrupt. From an order obtained by George E. Shoup and others, George E. Scrugham and others, trustees, appeal. On petitions of Hugh G. Bourie, executor, and others, and James H. McGraw and others. Order for report by trustees.

Weil & Thorp, of Pittsburgh, Pa. (A. Leo Weil, S. Leo Ruslander, and L. Pearson Scott, all of Pittsburgh, Pa., of counsel), for petitioners.

William S. John, of Morgantown, W. Va., F. W. Downey, of Waynesburg, Pa., and Thomas H. Hudson, of Uniontown, Pa., for respondents.

Before BUFFINGTON and WOOLLEY, Circuit Judges.

WOOLLEY, Circuit Judge. The facts of this case so far as they relate to matters now under consideration are these:

In January, 1915, the Court of Common Pleas of Fayette County, Commonwealth of Pennsylvania, appointed receivers for the estate of Josiah V. Thompson, an individual. In May, 1917, the Supreme Court of Pennsylvania annulled the action of the Court of Common Pleas and vacated the receivership.

On August 20, 1917, a voluntary petition in bankruptcy was filed against Josiah V. Thompson in the District Court of the United States for the Western District of Pennsylvania, and, in due course, trustees were appointed for the administration of his estate. On the day following the filing of the petition and before the appointment of receivers or trustees, Thompson filed in the bankruptcy court a petition, showing that five of his mortgage creditors had previously reduced their mort-

&—For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

gages to judgment in courts of the Commonwealth of Pennsylvania and that the coal lands secured thereby, situate in Green and Washington Counties in the said Commonwealth, were then advertised for sale under outstanding writs of execution, and praying that the said mortgage creditors be restrained from proceeding further on their executions. The mortgage creditors named in the petition showed by their several answers that suits had been brought on their mortgages, judgments recovered, and executions issued prior to the proceeding in bankruptcy, and claimed accordingly, that the state courts having acquired jurisdiction of the subject matter could not be ousted of their jurisdiction by the Federal courts under bankruptcy proceedings subsequently instituted.

The bankruptcy court granted a temporary restraining order extending to November, 1917, with leave to proper parties to move for its continuance. Later, the trustees of the bankrupt, having in the meantime been appointed, prayed that the order be continued to enable them to make an investigation of the loss which the estate would sustain if the order were annulled, and further to enable them to consummate a sale of all or a greater part of the coal lands of the estate at a price that would not only discharge the debts of all secured creditors but would enure appreciably to the discharge of debts of unsecured creditors. To this petition the several mortgage creditors demurred, and, on hearing, the petition for a continuance of the restraining order was denied. From this last order the trustees appealed, raising here as below a question of conflict of jurisdiction between State and Federal courts, which briefly stated is: Whether a court of bankruptcy has power to enjoin a state court from proceeding to sale of property secured by a mortgage given by the bankrupt more than four months prior to filing a petition in bankruptcy and reduced to judgment and execution within four months prior to the filing of the petition.

While this appeal was pending and before a decision on the one question involved had been rendered, Hugh G. Bourie, Executor, et al. and James H. McGraw et al. sought to intervene, and by their petitions showed that they are creditors of Josiah V. Thompson, the bankrupt, holding liens against coal lands of the bankrupt situate in the States of Pennsylvania and West Virginia, on which they had instituted actions in courts of those states; that in addition to the restraining order issued by the District Court of the United States for the Western District of Pennsylvania, brought under review by this appeal, the District Court of the United States for the Northern District of West Virginia, an ancillary court of bankruptcy, had entered an order in comity with the order of the District Court of the United States for the Western District of Pennsylvania restraining further proceedings in the state courts of West Virginia against the lands of the bankrupt estate; and—complaining grievously of undue delay on the part of this court in rendering a decision in the case to which they even then were not parties—the petitioners prayed, first, that a prompt decision be made on the question raised on demurrer by the several Pennsylvania creditors holding mortgages against certain of the bank-

rupt's lands in Pennsylvania, and second, that the decision be in accordance with the contention of the Pennsylvania mortgage creditors, the appellees in this appeal.

An examination of these petitions shows that the questions of law they raise—while related perhaps to the questions in this case—are not predicated on a like state of facts and are not the same questions of law. Being different questions newly raised, we are not required to entertain them on this appeal when they have not been presented to nor passed on by the court below, nor are we disposed further to involve this complicated case by injecting new questions on the eve of its decision. But we desire, of course, to secure to these petitioners, if we can, the right to proceed in their cases in their own way, if it can be done in a manner not inconsistent with the rights of the bankrupt estate. Therefore, we are inclined to limit the scope of the restraining order of the District Court of the United States for the Western District of Pennsylvania, still in force and involved in this appeal, so that the District Court of the United States for the Northern District of West Virginia shall no longer feel bound in comity to follow that restraining order with one of its own, but may, if it choose, exclude from the operation of its order so much of the lands of the bankrupt situate in West Virginia as are *not* presently and actively in process of sale or disposition by the trustees in the administration of the bankrupt estate, thereby permitting creditors holding liens upon such lands to proceed thereon in such courts and in such manner as may in law be right. Such action on our part would of course involve no intimation of our opinion for or against the jurisdiction of the bankruptcy court, either original or ancillary, to hold and administer the entire bankrupt estate by the officers and through the courts provided by the bankruptcy law.

With this in view, we recently directed counsel for the trustees to report to this court the tracts of coal land of the bankrupt estate situate in West Virginia, with reference to which the trustees were doing nothing toward their sale or disposition. Instead of making such a report, counsel for the trustees have filed an argument against any action by this court tending to allow lien creditors in West Virginia, acting under authority of the District Court of the United States for the Northern District of West Virginia, to enforce their liens against lands for the sale of which the trustees have no present plans or prospects.

As we shall not obstruct or delay secured creditors in the enforcement of their rights when there is involved in opposition no question of rights of unsecured creditors, it becomes necessary to transform our request for the requisite information into an order. Therefore, as it is quite impossible to discover from the record now before us what lands of the bankrupt estate situate in West Virginia are not embraced in transactions of sale, we request the trustees of the bankrupt and the petitioning creditors of West Virginia to designate by stipulation, if they can, the West Virginia lands thus intended to be released from the original and ancillary restraining orders, and failing such stipulation, we order the trustees of the bankrupt to make to this court on the first

day of the March term next ensuing a report of such coal lands of the bankrupt estate, by appropriate description, as will enable this court to dispose of them according to the premises.